COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-267-CR
  
  
HENRY ARELLANES ACOSTA                                                 APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM THE 371ST 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Henry Arellanes Acosta entered an open plea of guilty to arson causing bodily 
injury, a first-degree felony.[2]  The trial 
court convicted him and sentenced him to thirty years’ confinement in the 
Institutional Division of the Texas Department of Criminal Justice.  In one 
point, Appellant contends that his trial counsel rendered ineffective assistance 
of counsel by failing to secure a record of the punishment proceedings.  
Appellant did not file a motion for new trial.  Appellant’s counsel on 
appeal, who was not appointed until after the time for filing a motion for new 
trial had expired, filed in this court a motion to abate for fact findings 
below, which was denied.  Nowhere in his notice of appeal, brief, or motion 
to abate does Appellant point to any specific injury he incurred at his 
punishment hearing.  We note that Appellant received a thirty-year 
sentence, which was well within the range of confinement for this offense—five 
to ninety-nine years or life.[3]  Based on the 
applicable standard of review,[4] we cannot say that 
Appellant has met his burden of proving that his trial counsel was 
ineffective.  We overrule Appellant’s sole point and affirm the trial 
court’s judgment.
 
 
                                                                  PER 
CURIAM
  
  
PANEL F:   DAUPHINOT, 
GARDNER, and WALKER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: December 30, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  See 
Tex. Penal Code Ann. § 28.02(a), 
(d)(1) (Vernon 2003).
3.  Id. 
§ 12.32(a).
4.  See 
Strickland v. Washington, 466 U.S. 668, 687-89, 104 S. Ct. 2052, 2064-66 
(1984); Thompson v. State, 9 S.W.3d 808, 812-14 (Tex. Crim. App. 1999).